IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **CHRISTY McDANIEL** | : | **CASE NO.:** 1:20-cv-912 |
| | : | |
| | : | **JUDGE:** |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| v. | : | |
| | : | |
| | : | **Jury Demand Endorsed Hereon** |
| **DEVICOR MEDICAL PRODUCTS, INC.** | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| **Defendants.** | : | |

## COMPLAINT

NOW COMES Plaintiff Christy McDaniel ("Plaintiff") and proffers this Complaint for damages against Defendant Devicor Medical Products, Inc., ("Defendant").

## THE PARTIES

1. Plaintiff is a natural person residing in Tennessee.

2. Defendant is a foreign corporation doing business in the Southern District of Ohio.

3. At all times relevant herein, Plaintiff was an "employee" of Defendant as that term is defined under the Family and Medical Leave Act ("FMLA").

4. At all times relevant herein, Defendant is an "employer" as defined by 29 U.S.C. § 2611(4)(A) of the FMLA.

5. At all times relevant herein, Plaintiff was an "employee" of Defendant as the term is defined under Ohio Revised Code 4112 and 42 U.S.C. § 2000e.

6. At all times relevant herein, Defendant is an "employer" as the term is defined under Ohio Revised Code 4112 and 42 U.S.C. § 2000e.

7. At all times relevant herein, Defendant was engaged in commerce or an industry or activity affecting commerce and employed 50 or more employees for each working day during each of 20 or more calendar workweeks at all times during Plaintiff's employment.

## JURISDICTION AND VENUE

8. This action is brought pursuant to the FMLA, 42 U.S.C. § 2000e, and O.R.C. 4112 *et seq.*

9. Jurisdiction is conferred upon this Court by 28 U.S.C. § 1331 and 29 U.S.C. § 1332(e), which provide for original jurisdiction of Plaintiff's claims arising under the law of the United States.

10. This Court has jurisdiction over Plaintiff's claims under the statutory law of Ohio pursuant to supplemental jurisdiction as codified at 28 U.S.C. § 1367.

11. This Court has jurisdiction over Plaintiff's claims under Title VII pursuant to 42 U.S.C. § 2000e-5 as Plaintiff has exhausted all administrative remedies and received the Right to Sue Letter.

12. Venue is proper in this forum pursuant to 28 U.S.C. § 1391 because Plaintiff entered into an employment relationship with Defendant in the Southern District of Ohio and performed her job duties there, and Defendant is doing and has done substantial business in the Southern District of Ohio.

## FACTUAL BACKGROUND

13. On or about April 2017, Plaintiff began working for Defendant.

14. Defendant hired Plaintiff as the Global Supply Chain Director.

15. Plaintiff received strong performance ratings throughout her employment at Defendant, receiving either an "Exceeds Expectations," or a "Meets Expectations" on all of her annual performance evaluations.

16. On or about January 2019, Plaintiff began taking eight (8) weeks of job-protected medical leave under the FMLA in order to recover from the surgery.

17. Defendant terminated Plaintiff's weeks after she returned from her FMLA leave.

18. Defendant advised Plaintiff that she was terminated as part of a "reorganization," claiming that her position was eliminated.

19. Defendant allowed a number of male employees to apply for positions that were created as part of the reorganization, but did not allow Plaintiff. Additionally, Defendant failed to even publicly post the open positions, which was against Defendant's own policy.

20. Defendant terminated Plaintiff's employment without providing her the opportunity to continue her employment while she applied for positions with other subsidiaries of Defendant's parent company.

21. Plaintiff suffered significant financial loss due to Defendant's failure to continue to her employer while she searched for other employment because the small gap in her employment between working for Defendant and another subsidiary of Defendant's parent company resulted her in losing significant benefits that would have otherwise vested through her continued employment.

### FIRST CAUSE OF ACTION
**Retaliation – Violation of the Family Medical Leave Act**

22. Plaintiff reasserts and reincorporates all allegations in the paragraphs above as if fully rewritten herein.

23. Plaintiff is an "eligible employee" as defined by 29 U.S.C. § 2611(2).

24. Defendant employed more than 50 persons within a 75-mile radius of Plaintiff's place of employment.

25. Defendant is an "employer" as defined by 29 U.S.C. § 2611(4)(A).

26. Plaintiff exercised her rights under the FMLA by taking job-protected leave due to her serious health condition.

27. Plaintiff's surgery was defined as a "serious health condition" under 29 C.F.R. § 825.113.

28. Plaintiff was qualified for her position as she performed it well and received satisfactory annual performance evaluations.

29. Plaintiff suffered an adverse employment action when Defendant retaliated against Plaintiff by terminating her from her position, failing to hire her in open positions, and failing to maintain her employment while she searched for an open position, thereby violating the FMLA.

30. Defendant lacked good faither and/or reasonable grounds to believe that it had not violated the FMLA in its discharge of Plaintiff, its failure to allow her to apply for open positions, and not allowing her to continue her employment while she searched for a position with another subsidiary of Defendant's parent company.

31. Defendant's violation of the Family and Medical Leave Act entitles Plaintiff, pursuant to 29 U.S.C. § 2617(a), to monetary damages which include back pay and benefits, statutory liquidated damages, and attorneys' fees and costs of bringing this litigation, in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
### Sex Discrimination – 42 U.S.C. § 2000e

32. Plaintiff reasserts and reincorporates all allegations in the paragraphs above as if fully rewritten herein.

33. As a female, Plaintiff is a member of a protected class.

34. Plaintiff was qualified for her position at Defendant given, among other reasons, she performed well in her position for years and received satisfactory performance evaluations.

35. Defendant subjected Plaintiff to an adverse employment action when Defendant terminated her employment, failed to allow her to apply to open position, and did not allow her to continue her employment while she searched for a position at a subsidiary of Defendant's parent company.

36. Defendant decision to terminate Plaintiff's employment and not allow her to search for an open position are causally related to her female sex given, among other reasons, Defendant treated her less favorably than similarly situated, male employees.

37. Defendant failed to demonstrate a legitimate, non-discriminatory reason for Plaintiff's termination and its failure to allow her to continue her employment while she searched for a position at a subsidiary of Defendant's parent company.

38. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered and is continuing to suffer from a loss of income and benefits and has experienced emotional distress and mental anxiety for which she should be compensated.

## THIRD CAUSE OF ACTION
### Sex Discrimination – O.R.C. 4112 et seq.

39. Plaintiff reasserts and reincorporates all allegations in the paragraphs above as if fully rewritten herein.

40. As a female, Plaintiff is a member of a protected class.

41. Plaintiff was qualified for her position at Defendant given, among other reasons, she performed well in her position for years and received satisfactory performance evaluations.

42. Defendant subjected Plaintiff to an adverse employment action when Defendant terminated her employment, failed to allow her to apply to open position, and did not allow her to continue her employment while she searched for a position at a subsidiary of Defendant's parent company.

43. Defendant's decision to terminate Plaintiff's employment is causally related to her female sex given, among other reasons, Defendant treated her less favorably than similarly situated, male employees and, upon information and belief, Defendant replaced her with a male employee.

44. Defendant failed to demonstrate a legitimate, non-discriminatory reason for Plaintiff's termination and its failure to allow her to continue her employment while she searched for a position at a subsidiary of Defendant's parent company.

45. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered and is continuing to suffer from a loss of income and benefits and has experienced emotional distress and mental anxiety for which she should be compensated.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff seeks an award against Defendant in an amount equal to the liability, losses, damages, liquidated damages, punitive damages, attorney's fees, costs, expenses, and any other amounts available under the law incurred by Plaintiff for Defendant's violations.

Respectfully submitted,

/s/ Bradley L. Gibson
Bradley L. Gibson (0085196)
**GIBSON LAW, LLC**
9200 Montgomery Road, Suite 11A
Cincinnati, OH  45242
brad@gibsonemployentlaw.com
513.834 8254 [T]
513.834.8253 [F]

*Counsel for Plaintiff*

## JURY DEMAND

Plaintiff demands a jury trial by the maximum persons permitted by law on all issues herein triable to a jury.

/s/ Bradley L. Gibson
Bradley L. Gibson (0085196)